**UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA**

**UNITED STATES OF AMERICA**
        **Plaintiff**

**v.**                                                    **Case Number 4:06cr3113-001**
                                                         **USM Number 20991-047**


**DREW BROCKEVELT**
              **Defendant**
                                              **SEAN J.  BRENNAN**
                                              **Defendant's Attorney**

_____

              **AMENDED JUDGMENT IN A CRIMINAL CASE**

**Date of Original Judgment: 2/02/07
(Or Date of Last Amended Judgment)**

**Reason for Amendment:** reversal by Court of Appeals and reconsideration after remand.

**THE DEFENDANT** pleaded guilty to Counts I and II of the Information on 9/20/06.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 18:2252(a)(4)(B) POSSESSION OF CHILD PORNOGRAPHY | August 25, 2004 | I |
| 18:2253 CRIMINAL FORFEITURE | August 25, 2004 | II |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Final order of forfeiture filed on 05/07/2007 as to Count  II.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                      Date of Imposition of Sentence:
                                                    February 7, 2008


                                            s/ *Richard G. Kopf*
                                      United States District Judge

                                            February 8, 2008

Defendant: DREW BROCKEVELT                                                                    Page 2 of 7
Case Number: 4:06cr3113-001

## IMPRISONMENT

The defendant is resentenced and is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **Time Served** (effective February 8, 2008).

The Court makes the following recommendations to the Bureau of Prisons:

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this _____ day of _____, _____

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the _____ day of _____, _____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

By:_____

**NOTE: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, _____

_____
UNITED STATES WARDEN

By:_____

Defendant: DREW BROCKEVELT                                                                        Page 3 of 7
Case Number: 4:06cr3113-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Defendant: DREW BROCKEVELT                                                                  Page 4 of 7
Case Number: 4:06cr3113-001

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may
        be occasioned by the defendant's criminal record or personal history or characteristics and
        shall permit the probation officer to make such notifications and to confirm the defendant's
        compliance with such notification requirement.


## SPECIAL CONDITIONS OF SUPERVISION


1.      The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant
        to the Public Law 108-405 (Revised DNA Collection Requirements Under the Justice for All Act of
        2004), if such sample was not collected during imprisonment.

2.      The defendant shall participate in the home confinement program under electronic monitoring for a
        period of **6 Months**.  Home confinement shall commence according to a schedule arranged by the
        home confinement specialist.   The defendant shall comply with the provisions of the Home
        Confinement Participant Agreement and shall pay for the costs of electronic monitoring.   The
        defendant shall be permitted to work while on electronic monitoring.

3.      The defendant shall be subject to the search of the defendant's premises, vehicle or person, day or
        night, with or without a warrant, at the request of the probation officer to determine the presence of
        alcohol and/or controlled substances, firearms or any other contraband.  Any such items found may
        be seized by the probation officer.  This condition may be invoked with or without the cooperation of
        law enforcement officers.

4.      The defendant shall have no contact, nor reside with children under the age of 18, including their own
        children, unless approved in advance and in writing by the probation officer in consultation with the
        treatment providers.  The defendant must report all incidental contact with children to the probation
        officer and the treatment provider.

5.      The defendant shall not access or come within 500 feet of schools, school yards, parks, arcades,
        playgrounds, amusement parks, or other places used primarily by children under the age of 18 unless
        approved in advance and in writing by the probation officer.

6.      The defendant shall not be employed in or participate in any volunteer activity that involves contact
        with children under the age of 18, except under circumstances approved in advance and in writing
        by the probation officer.

7.      The defendant shall not access, view or possess any pornographic sexually oriented or sexually
        stimulating materials, including visual , auditory, telephonic, or electronic media, computer programs
        or services.  The defendant shall not patronize any place where such material or entertainment is
        available.

8.      The defendant must have their residence and living situation approved in advance by the probation
        officer.

9.      The defendant shall sign releases of information to allow all involved in the assessment, treatment,
        and behavioral monitoring of the defendant to communicate and share documentation with each
        other.

10.     The defendant shall register as a sex offender in accordance with state and federal law and in their
        county of residence.  The defendant shall not move to a different address without prior approval of
        the probation officer.

Defendant: DREW BROCKEVELT                                                                                        Page 5 of 7
Case Number: 4:06cr3113-001

11.     The defendant shall successfully complete any sex offender diagnostic evaluations, treatment or
        counseling programs, and polygraph examinations as directed by the probation officer.  Reports
        pertaining to sex offender assessments, treatments, and polygraph examinations shall be provided
        to the probation officer.  Based on the defendant's ability to pay, the defendant shall pay the cost of
        diagnostic evaluations, treatment or counseling programs, and polygraph examinations in an amount
        determined by the probation officer.

12.     The offender shall submit/consent to quarterly monitoring of all electronic media as directed by the
        USPO with or without the cooperation of law enforcement.

13.     The defendant is prohibited from using or having access to any electronic media that has internet
        service or photography capability.  The defendant will sign any and all releases of information as it
        relates to cell phone carriers.

14.     The defendant shall participate in a victim awareness program as directed by the probation officer.
        Based on the defendant's ability to pay, the defendant shall pay for the costs of the program in an
        amount determined by the probation officer.

15.     The defendant shall provide the probation officer with access to any requested financial information.

16.     The requirement of 18 U.S.C. 3583(d) regarding drug testing within 15 days of release on supervised
        release and at least two periodic drug tests thereafter, is suspended until further order of the Court
        because the Presentence Investigation Report on the defendant and other reliable sentencing
        information indicates a low risk of future substance abuse by the defendant.

17.     The defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of
        Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S.
        Courthouse, Lincoln, Nebraska, (402) 437-5223, within seventy-two (72) hours of release from
        confinement and, thereafter, as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| **$100.00 (PAID)** | | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that interest requirement is waived.

## FINE

No fine imposed.

## RESTITUTION

No restitution was ordered.

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $100.00 (PAID).

The criminal monetary penalty is due in full on the date of the judgment.  The defendant is obligated to pay said sum immediately if he or she has the capacity to do so.  The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program.  Using such Program, the defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court.  Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

Defendant: DREW BROCKEVELT                                                                      Page 7 of 7
Case Number: 4:06cr3113-001

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 100 Centennial Mall North, 593 Federal Building, Lincoln, NE 68508.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

        The defendant shall forfeit the defendant's interest in the following property to the United States:

   1) Hewlett-Packard keyboard, Model #5129, Serial #BB04209240;
   2) Hewlett-Packard mouse, Serial #LNA03806180;
   3) two Polk audio computer speakers;
   4) Hewlett-Packard monitor, Model #D5259A, Serial #THO4002536;
   5) monitor power cord;
   6) main computer power cord;
   7) Hewlett-Packard Pavilion, Model #6746C, Serial #KR043185;
   8) Verbatton CD-R compact disk labeled "Daycare Pictures";
   9) Emachines computer tower, Model #T3092, Serial #CA146K0004010;
  10) Samsung-Sync Master 912N monitor, Serial #MJ19HCJX609709E;
  11) main power cord;
  12) Memorez music CD-R 700 megabyte 80 minute CD labeled "All of the Vacation
        Pictures";
  13) Toshiba PCX 2600 cable modem with USB, cable and DC12 volt card;
  14) Emachines keyboard, Model #KB-0108, Serial #4E854B1578B;
  15) mouse, Model Name SAGM002.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk